ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI-ESPECIAL

| | | |
|---|---|---|
| MARTHA CAÑON ABUCHAR ET AL<br><br>RECURRIDOS | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina |
| v. | KLCE202401024 | Caso Número: CA2022CV03214 |
| MANUEL DE JESÚS RODRÍGUEZ CESPEDES Y OTROS<br><br>PETICIONARIO | | Sobre: Sentencia declaratoria; incumplimiento de contrato; daños y perjuicios; remedios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, **Jueza Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Comparecen el señor Manuel De Jesús Rodríguez Cespedes, la señora Yaneiris De Jesús Hernández Fernández y Cuídame Inc. (parte demandada; peticionaria) mediante el presente recurso de *Certiorari* y nos solicitan que revoquemos la *Resolución* emitida por la Juez, Hon. Thainie Reyes Ramírez (la Juez), del Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 2 de agosto de 2024. En la resolución recurrida, la Juez declaró **No Ha Lugar** la *Moción Solicitando Inhibición Voluntaria y/o de Recusación* presentada por la parte aquí peticionaria.

Adelantamos que, por los fundamentos que exponemos a continuación, denegamos expedir el auto de *certiorari*.

**I**

El 30 de septiembre de 2022, se presentó ante el TPI una demanda sobre sentencia declaratoria, incumplimiento de contrato, daños y perjuicios, y otros remedios sobre asuntos corporativos.[1] Luego de varios trámites y manejo del caso, la parte demandada presentó, el 27 de julio de 2024, una *Moción Solicitando Inhibición Voluntaria y/o de*

---

[1] SUMAC (Entrada Núm. 1 del Caso Civil Número CA2022CV03214, págs. 1-19).

*Recusación* el 27 de julio de 2024 en el Caso Núm. CA2022CV03214.[2] En esencia, la parte demandada solicitó la inhibición del Hon. Ismael Álvarez Burgos (el Juez) en el caso ante el TPI, con el argumento de que el Juez realizó expresiones y actuaciones que reflejaban una conducta parcializada y prejuzgada sobre la controversia umbral del caso. Además, reclamó que el Juez ha impedido el descubrimiento de prueba pertinente para el caso y realizado expresiones que pudiesen ser consideradas un alago a los abogados de la parte demandante.

El 31 de julio de 2024, el Juez emitió una *Resolución* en la cual expresó que no existía algún motivo por el cual debía inhibirse del caso.[3] Sobre esto expresó lo siguiente:

> Las alegaciones de la demandada, no le produce a este Juez ningún estado de ánimo que le mueva "motu proprio" a inhibirse en el presente caso. Lo que sí rechazamos vehementemente y con mucha firmeza es cualquier imputación infundada que ponga en entredicho nuestra integridad e imparcialidad para el desempeño de nuestros deberes profesionales, o que como se trasluce, se convierta en una modalidad procesal para escoger un juez que le simpatice.

Por lo anterior, el Tribunal de Primera Instancia emitió una *Orden* en la cual transfirió el asunto a la Juez Coordinadora Interina de los Asuntos de lo Civil, la Hon. Thainie Reyes Ramírez (la Jueza).[4]

Así las cosas, el 2 de agosto de 2024, la Juez emitió una *Resolución* en la cual declaró **No Ha Lugar** la *Moción Solicitando Inhibición Voluntaria y/o de Recusación* presentada por la parte demandada.[5] La Juez razonó lo siguiente:

> Examinados los argumentos en que se basa la solicitud de recusación y aplicada la normativa y la jurisprudencia, es forzoso concluir que la misma carece de hechos que constituyan alguna de las causas establecidas en la Regla 63.1 de Procedimiento Civil o en el Canon 20 de Ética Judicial que justifiquen la recusación del Hon. Ismael Álvarez Burgos. Veamos.
>
> […]
>
> Si observamos atentamente la base de la solicitud de recusación en este caso, los argumentos de la moción de

---

[2] Apéndice LVII del Recurso de *Certiorari*, págs. 217-235.
[3] Apéndice LVIII del Recurso de *Certiorari*, págs. 236-237.
[4] Apéndice LX del Recurso de *Certiorari*, págs. 240-241.
[5] Apéndice I del Recurso de *Certiorari*, págs. 1-8.

recusación están erigidos sobre la percepción de que existe parcialidad a favor de la parte demandante y, además, que el caso se ha manejado erróneamente. Sin embargo, estos argumentos fueron consignados por los codemandados en su moción de manera escueta y sin prueba alguna que sustente los fundamentos invocados. En otras palabras, las alegaciones de los codemandados son infundadas, altamente especulativas y están cimentadas en cuestiones judiciales.

Surge claramente que la solicitud de inhibición está basada en la insatisfacción de los codemandados con las determinaciones judiciales que el Hon. Ismael Álvarez Burgos ha emitido y su discrepancia con la forma en que el Juez ha presidido los procedimientos en el caso de epígrafe.

La parcialidad a la que alude la parte demandada es de naturaleza puramente judicial y no en una actitud originada extrajudicialmente en asuntos que revistan sustancialidad. La norma es clara y la imputación de parcialidad o prejuicio tiene que basarse "en cuestiones personales serias, no triviales ni judiciales; es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad". *Ruiz v. Pepsico, P.R.*, *Inc.*, *supra*, en la pág. 588.

Por lo tanto, no hay nada en los autos que derrote la fuerte presunción de imparcialidad que le asiste a los jueces. Lo presentado no es suficiente para establecer razonablemente que un observador objetivo con conocimiento de todos los datos creería que el Hon. Ismael Álvarez Burgos atendería de forma parcializada el caso de epígrafe. El ataque a la competencia profesional del juez carece de todo fundamento de hecho y de derecho.

No se puede dejar al arbitrio de las partes escoger a su preferencia o excluir a un juzgador en el momento que no están de acuerdo con el curso que ha tomado un procedimiento y las decisiones emitidas por el Tribunal. Sostener lo contrario, tendría el efecto funesto de avalar toda recusación de un juez por el mero hecho de que dictó cierta determinación y el resultado no avanzó la causa de acción que defiende la parte perdidosa. Colegimos que, de haber incurrido en errores en el quehacer de la función judicial del Juez Álvarez, el trámite apropiado es la acción apelativa disponible.

Inconforme, el 16 de agosto de 2024, la parte demandada presentó una *Moción de Reconsideración y Solicitud de Determinaciones Iniciales*.[6]

La Jueza emitió una *Resolución* el 19 de agosto de 2024, notificada el 22 del mismo mes, en la cual declaró **No Ha Lugar** *Moción de Reconsideración y Solicitud de Determinaciones Iniciales*.[7]

---

[6] Apéndice III del Recurso de *Certiorari*, págs. 11-27.
[7] Apéndice IV del Recurso de *Certiorari*, pág. 28.

Aún Inconforme, el 23 de septiembre de 2024, la parte peticionaria acude ante esta curia mediante el presente recurso de *Certiorari*, en el cual nos señala la comisión de los siguientes errores:

> ERRÓ EL TPI AL DETERMINAR QUE LA REFERIDA SOLICITUD DE RECUSACIÓN ESTÁ FUNDAMENTADA EN "BUSCAR UN JUEZ QUE LE SEA SIMPÁTICA SU CAUSA" SIN HABER EVALUADO LOS HECHOS PRESENTADOS, Y AL DETERMINAR QUE LOS HECHOS PRESENTADOS SON "ESCUETOS" Y "SIN FUNDAMENTOS".
>
> ERRÓ EL TPI AL GUARDAR SILENCIO EN CUANTO A SI EL HONORABLE JUEZ ÁLVAREZ BURGOS, PREJUZGÓ LA CONTROVERSIA ESENCIAL DEL CASO, AL ÉSTE ESTABLECER PARA RÉCORD EN VARIAS INSTANCIAS DURANTE EL MISMO QUE "NO EXISTE CONTROVERSIA SOBRE EL CONTRATO" O "QUE EL CONTRATO NO ESTÁ EN CONTROVERSIA", ASPECTO ESENCIAL QUE PRIVA A LOS COMPARECIENTES DEL DEBIDO PROCESO DE LEY PROCESAL Y SUSTANTIVO; TAL CONDUCTA DEL JUEZ, ABRIÓ LA PUERTA PARA QUE LOS RECURRIDOS PUEDAN BENEFICIARSE DE LA PARCIALIDAD DEL HONORABLE JUEZ ÁLVAREZ BURGOS; Y RESUELVE LA TOTALIDAD DEL CASO CONVIRTIENDO EL LITIGIO EN ACADÉMICO PUES LA CONTROVERSIA FUNDAMENTAL QUEDARÍA RESUELTA Y CONSTITUIRÍA COSA JUZGADA.

Procedemos a resolver sin trámite ulterior, bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B) (5), la cual nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

**II**

El auto de *certiorari* es un vehículo procesal extraordinario que le brinda autoridad a un tribunal de mayor jerarquía para revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023) que cita a: *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Aunque se trata de un recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos, como foro revisador, expedir o denegar el auto. *IG Builders et al. v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el

recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> […]
> El recurso de *certiorari* para **revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia**, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una **resolución** u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo**.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** […] (Énfasis nuestro.)

Conforme a lo dispuesto en la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué supuestos se podrá expedir el auto de *certiorari*. En aquellos escenarios, en los que la materia no esté comprendida dentro de la citada regla, el tribunal revisor debe negarse a expedir el auto de *certiorari*.

Así las cosas, el primer examen al que debemos someter todo recurso de *certiorari* para determinar si debemos expedirlo es que debe tratar sobre alguna de las materias especificadas en la citada Regla 52.1 de Procedimiento Civil, *supra*. Este examen es mayormente objetivo. Por esto, se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández

Colón, *Derecho Procesal Civil*, 5ta ed., LexisNexis, San Juan, 2010, pág. 476.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, de acuerdo con lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008) que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Así pues, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[8] sino que como Tribunal revisor debemos ceñirnos a los criterios antes citados. Si luego de evaluar los

---

[8] *IG Builders et al. v. BBVAPR*, *supra* que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

referidos criterios, este tribunal decide no expedir el recurso, podemos fundamentar nuestra determinación, mas no tenemos la obligación de así hacerlo.[9]

**III**

En el caso ante nuestra consideración, la parte peticionaria nos plantea que incidió el foro primario al determinar que la *Moción Solicitando Inhibición Voluntaria y/o de Recusación* esta fundamentada en buscar un juez que sea simpático a la causa de la parte peticionaria y al no evaluar los hechos y determinar que los mismos no están fundamentados. Por otro lado, la parte peticionaria nos señala que erró el Tribunal de Primera Instancia al no realizar ninguna expresión respecto a que el Hon. Ismael Álvarez Burgos prejuzgó la controversia umbral del caso, privando a la parte peticionaria de su debido proceso de ley.

Nos corresponde evaluar, en primer lugar, si el recurso ante nuestra consideración versa sobre alguna de las materias contenidas en la Regla 52.1 de Procedimiento Civil, *supra*. Al tratarse de una resolución interlocutoria, tenemos jurisdicción bajo la Regla 52.1 de Procedimiento Civil, *supra.* Ahora bien, en segundo lugar, debemos analizar el asunto que se plantea ante nosotros **tomando en consideración los criterios establecidos en Regla 40 del Reglamento del Tribunal de Apelaciones**, *supra*.

Luego de examinar el recurso ante nuestra consideración, y los planteamientos expuestos por la parte peticionaria, no vemos presente alguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Es decir, no nos enfrentamos ante una situación donde el foro primario, la Hon. Thainie Reyes Ramírez o el Hon. Ismael Álvarez Burgos, hubiesen actuado con prejuicio, parcialidad o con error craso y manifiesto. De igual forma, somos del criterio que no se justifica nuestra intervención en esta etapa del procedimiento, por tal razón procedemos a denegar la expedición del recurso de C*ertiorari* para

---

[9] 32 LPRA Ap. V, R. 52.1.

que continúen los procedimientos del manejo del caso ante el foro primario.

**IV**

Por los fundamentos que anteceden, denegamos expedir el auto de *certiorari*.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones